## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DEAN BRYAN DAVIDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2078 ACL |
| | ) |
| SOUTHEAST MISSOURI MENTAL | ) |
| HEALTH CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff is civilly confined in the Southeast Missouri Mental Health Center ("SMMHC"), which is a Missouri Department of Mental Health Facility. Named as defendants are SMMHC, Denise Boyde, Dewane Robertson, Sonya Gammon, and Cherrie McCord.

Plaintiff alleges he is being held at SMMHC illegally because he is not psychotic. He claims officials are discriminating against him because of his religious beliefs and his Native American heritage; that officials are confiscating his mail, which has resulted in the dismissal of his legal cases as well as the loss of patents worth millions of dollars; and that his reputation as an ordained minister has been damaged.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has not alleged that any of the named defendants were personally responsible for the alleged violations. As a result, the complaint fails to state a claim upon which relief can be granted.

Furthermore, the complaint does not state whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir.

2

1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* Therefore, the complaint must be dismissed for this reason as well.

Finally, a suit against SMMHC is, in effect, a suit against the State of Missouri. But Missouri cannot be held liable in these proceedings. *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

Dated this 31st day of July, 2017.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE